### FLORENCE E. MARTIN *vs.* ANTONIO MARTIN.

JULY 17, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is a divorce proceeding in which the wife prayed for an absolute divorce on the ground of extreme cruelty, for the custody of an only child of the parties and for other incidental relief.

Following the entry of an interlocutory consent decree as to allowances, the case was heard, on its merits, on January 29, 1945, by a justice of the superior court; and on February 1, 1945, a decision was rendered in favor of the petitioner for a divorce on the ground of extreme cruelty; and it was ordered that the custody of the child be awarded to her, subject to the right of the father to take such child with him on each Saturday from 1 p. m. to 8 p. m.  It was further ordered that the respondent pay to the petitioner, until further order of the court, $15 per week from February 1, 1945, for the support of the child.

By that decision the petitioner, in lieu of alimony, which was permanently waived, was awarded the sum of $1000, which was "to be placed in escrow" in the name of her counsel, to be paid to her upon the entry of the final decree. She was also awarded certain personal property in the home of the parties.

On July 12, 1945, the petitioner filed in the case a motion that the above-stated decision be modified and amended by awarding to her alimony, the use of the household furniture

and effects formerly used by the parties, and the use of the home formerly occupied by them.

On November 8 and 9, 1945, the case was heard by a justice of the superior court on this motion to modify the decision; and evidence was submitted in behalf of the parties respectively. At the end of this hearing he denied the motion; and on November 20, 1945, a decree was entered denying this same motion. On the same day the petitioner filed a claim of appeal from that decree, on numerous grounds, which appeal is the only matter now before us in this case.

After a careful examination of the record, we are unable to say that the trial justice was clearly wrong in his ruling. In the argument before us in behalf of the petitioner, apprehension was expressed that the decree based on the decision of February 1, 1945, affects her property rights in certain real estate which belonged to her and her husband as joint tenants. We have examined that decision and the decree based thereon and find nothing in either of them which in any way affects such rights. Since they were not involved in that decree, she is not precluded thereby from protecting such rights in any manner permitted by law.

The petitioner's appeal from the decree of November 20, 1945, is denied and dismissed, and the case is remitted to the superior court for further proceedings.

*Kirshenbaum & Kirshenbaum,* for petitioner.

*George Triedman, John M. Booth,* for respondent.